## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 12 2019, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen E. Wrenbeck
Monroe County Public Defender
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Patricia C. McMath
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Involuntary Termination of the Parent-Child Relationship of:

C.R. (Minor Child),

and

N.S. (Father),

*Appellant-Respondent,*

v.

The Indiana Department of Child Services,

*Appellee-Petitioner*

April 12, 2019

Court of Appeals Case No. 18A-JT-2550

Appeal from the Monroe Circuit Court

The Honorable Stephen R. Galvin, Judge

Trial Court Cause No. 53C07-1801-JT-33

**Baker, Judge.**

[1] N.S. (Father) appeals the order terminating his parent-child relationship with C.R. (Child). Father argues that there is insufficient evidence supporting the termination order. Finding the evidence sufficient, we affirm.

# Facts

## *Prior Case*

[2] Child's sibling (Sibling) was born to Mother[1] and Father on June 30, 2015. At the time of Sibling's birth, she tested positive for opiates and cocaine and Mother tested positive for marijuana, cocaine, and opiates. Sibling was found to be a Child in Need of Services (CHINS), and as part of the CHINS case, Father was ordered, in relevant part, to participate with substance abuse treatment and submit to random drug screens. He participated with substance abuse treatment for several months, but after testing positive for cocaine in August 2016, he stopped attending treatment and stopped providing drug screens. In September 2016, Sibling's permanency plan was changed to adoption, and ultimately Mother and Father each consented to termination of the parent-child relationship.

---

[1] Mother is not a party to this appeal.

## Current Case

[3] Child was born on January 20, 2017. Four days later, the Department of Child Services (DCS) filed a petition alleging that Child was a CHINS because Mother had tested positive for methamphetamine. Child was removed from Mother's care and custody at that time and was not placed with Father because he did not have housing and was using illegal substances. On March 2, 2017, the trial court found Child to be a CHINS, based in part on Father's ongoing substance abuse issues and failure to participate consistently with court ordered services. At the April 3, 2017, dispositional hearing, Father was again ordered to participate with substance abuse treatment and random drug screens.

[4] Father participated with and completed the Recovery Process Group in June 2017 and the Mapping Group in August 2017. But he did not complete a parenting assessment, had stopped participating with the Fatherhood Engagement Program, and was attending less than half his supervised visits with Child. He also failed to appear for many drug screens and, when he did participate, tested positive for cocaine.

[5] In January 2016, Father had been convicted of dealing in a Schedule II controlled substance, but his 900-day sentence was suspended. On September 27, 2017, he was placed on home detention after violating the terms of probation and, after approximately one month, he moved to a sober living facility. Once he was placed on home detention, Father's compliance with services improved. He participated with substance abuse treatment, provided clean drug screens, and attended visits with Child more consistently.

[6]     Father was released from home detention on April 24, 2018. In May and June, Father again tested positive for controlled substances. On August 7, 2018, he tested positive for methamphetamine, cocaine, opiates, and alcohol. The caseworker administering the drug test found it difficult to communicate with him because he was so intoxicated.

[7]     On August 15, 2018, Father was arrested for violating the terms of his probation. At the time of the termination hearing, he was still incarcerated, and his probation officer was recommending that he serve the remainder of his suspended sentence in jail. She testified that Father is not committed to substance abuse treatment. Father has rarely had stable housing during the three years since Sibling was found to be a CHINS.

[8]     When Child was removed from her parents' care and custody four days after her birth, she was placed in a foster home where she has remained. The home is preadoptive and Child is thriving.

[9]     On January 8, 2018, DCS filed a petition to terminate the parent-child relationship between Child and her parents. A termination hearing took place on September 17 and 24, 2018, and on September 27, 2018, the trial court entered an order terminating the parent-child relationship. Father now appeals.

# Discussion and Decision

## I. Standard of Review

[10] Our standard of review with respect to termination of parental rights proceedings is well established. In considering whether termination was appropriate, we neither reweigh the evidence nor assess witness credibility. *K.T.K. v. Ind. Dep't of Child Servs.*, 989 N.E.2d 1225, 1229 (Ind. 2013). We will consider only the evidence and reasonable inferences that may be drawn therefrom in support of the judgment, giving due regard to the trial court's opportunity to judge witness credibility firsthand. *Id.* Where, as here, the trial court entered findings of fact and conclusions of law, we will not set aside the findings or judgment unless clearly erroneous. *Id.* In making that determination, we must consider whether the evidence clearly and convincingly supports the findings, and the findings clearly and convincingly support the judgment. *Id.* at 1229-30. It is "sufficient to show by clear and convincing evidence that the child's emotional and physical development are threatened by the respondent parent's custody." *Bester v. Lake Cty. Office of Family & Children*, 839 N.E.2d 143, 148 (Ind. 2005).

[11] Indiana Code section 31-35-2-4(b)(2) requires that a petition to terminate parental rights for a CHINS must make the following allegations:

>  (A)  that one (1) of the following is true:
>
>     (i)  The child has been removed from the parent for at least six (6) months under a dispositional decree.

> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
>
> (iii) The child has been removed from the parent and has been under the supervision of a local office or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;
>
> (B) that one (1) of the following is true:
>
> (i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.
>
> (ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.
>
> (iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;
>
> (C) that termination is in the best interests of the child; and
>
> (D) that there is a satisfactory plan for the care and treatment of the child.

DCS must prove the alleged circumstances by clear and convincing evidence. *K.T.K.*, 989 N.E.2d at 1230.

## II. Termination

Father argues that DCS failed to prove by clear and convincing evidence that (1) there is a reasonable probability that the reasons for placement outside his home will not be remedied and (2) termination is in Child's best interests.

## A. Reasons for Placement Outside Father's Home

Child was originally removed from Mother's care and custody because Mother tested positive for methamphetamine. She was not placed with Father at that time because he did not have stable housing and, based on his track record in Sibling's CHINS case, there were concerns about his ongoing substance abuse. Child has continued to be placed outside his care and custody based on those same reasons.

Over the course of Sibling's and Child's CHINS and termination proceedings, Father has had three years to demonstrate that he can maintain sobriety, stay out of jail, and provide a safe, stable, and appropriate home. He has failed on all counts, despite multiple opportunities to address his substance abuse and any other underlying issues. The only time Father was able to fully comply with services and maintain sobriety was when he was on home detention. Within a month of release from home detention, Father was again testing positive for illegal substances and alcohol and visits with Child once again

became sporadic. Moreover, Father has never been able to find and maintain suitable housing.

[15] Father highlights his ability to comply with services and maintain sobriety during the months he was on home detention. While that is certainly laudable, the trial court found that once Father was out from under the close supervision and reporting requirements of home detention, Father was unable to stay sober, participate with services, or visit with Child regularly.

[16] At the time of the termination hearing, the reasons Father could not care for Child—substance abuse and lack of housing, plus incarceration—were precisely the same reasons preventing her placement with him at the time she was first removed. Given this record, we find that the trial court did not err by concluding that DCS proved by clear and convincing evidence that the reasons for Child's continued placement outside of Father's care and custody would not be remedied.

## B. Best Interests

[17] Finally, Father contends that the trial court erred by finding that termination is in Child's best interests. Child has waited two years for Father to turn his life around, achieve and maintain sobriety, and find suitable housing. But he has failed on all counts, repeatedly, except when under the close supervision of home detention. We acknowledge the reality that substance abuse is a veritable mountain to climb, and we see the evidence here that Father has tried to climb it. But he has not done so soon enough or consistently enough, and we find no

error with respect to the trial court's determination that Child has waited long enough.

[18] Child is thriving in a preadoptive home that is the only home she has ever known, and we see no evidence that Father is capable of turning things around on a timeline that is in his daughter's best interests. Therefore, we find that the trial court did not err by finding that termination of the parent-child relationship is in Child's best interests.

[19] The judgment of the trial court is affirmed.

Najam, J., and Robb, J., concur.